


**The following constitutes the order of the Court.**

Signed March 15, 2006                  **United States Bankruptcy Judge**

---

*Carolyn A. Taylor TBA #08526800/FIN 1290*
*Dominique Varner TBA #00791182/FIN 18805*
*Jennine Hovell-Cox TBA #24002313/FIN 21775*
*Brendetta A. Scott TBA #24012219/FIN 24592*

*333 Clay, 29th Floor*
*Houston, Texas 77002*
*Telephone (713) 759-0818*
*Telecopier (713) 759-6834*
*ATTORNEYS FOR Select Portfolio Servicing, Inc. Fka Fairbanks Capital Corporation as servicer-in-fact for U.S. Bank National Association as Trustee of CSFB ABS Trust Series HEAT 2002-1*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| JEANETTE ELAINE SAPPINGTON | § | Case No. 05-86652-rcm13 |
| | § | |
| | § | Chapter 13 |
| DEBTOR | § | |
| ****************************** | § | |
| Select Portfolio Servicing, Inc. Fka Fairbanks | § | |
| Capital Corporation as servicer-in-fact for U.S. | § | |
| Bank National Association as Trustee of CSFB | § | |
| ABS Trust Series HEAT 2002-1 | § | |
| ITS ASSIGNS AND/OR SUCCESSORS | § | |
| IN INTEREST | § | |
| Movant | § | |
| | § | |

895302-1:FSPS:0940
Loan No. #0002743045-Sappington
Case No. #05-86652-rcm-13
Page 1 of 8

| | |
|---|---|
| V. | §<br>§ |
| JEANETTE ELAINE SAPPINGTON<br>Debtor and<br>THOMAS DWAIN POWERS, Trustee,<br>Respondents | §<br>§<br>§<br>§ |

## AGREED ORDER RELATIVE TO
## THE AUTOMATIC STAY OF 11 U.S.C. § 362

Came on to be considered the Motion for Relief from the Automatic Stay of 11 U.S.C. § 362 filed by Select Portfolio Servicing, Inc. Fka Fairbanks Capital Corporation as servicer-in-fact for U.S. Bank National Association as Trustee of CSFB ABS Trust Series HEAT 2002-1 ("Movant"), a secured creditor in the above entitled and numbered cause, and Movant and the Debtor(s) JEANETTE E. SAPPINGTON, by and through her attorney, AREYA HOLDER PRONSKE, having announced that they have reached an agreement whereby the automatic stay of 11 U.S.C. § 362 should be continued in effect, pending the entry of the Discharge Order in Debtor(s) main bankruptcy case, with regard to Movant and the Property on the terms and subject to the exceptions set out in this Order and it appearing that due notice of said Motion having been properly given and the Court, having considered said Motion and the agreement of counsel, is of the opinion that the following Agreed Order should be entered. It is therefore,

ORDERED, ADJUDGED, and DECREED that the automatic stay of 11 U.S.C.§ 362 be, and same is hereby, continued in effect pending the entry of the Discharge Order in, or the dismissal of, Debtor(s)'s main bankruptcy case, subject to the exceptions set out in this Order, provided that Debtor(s) shall continue to remit to the Movant the regular post-petition monthly payments pursuant to that certain Note dated FEBRUARY 15, 2002, in the original principal sum of $81,200.00, executed by Debtor, bearing interest and being payable as therein set out, being secured by the Deed

of Trust of even date therewith, filed in the Official Public Records of Real Property of SHASTA County, Texas, and creating a valid, first and prior lien on improved real property in SHASTA County, Texas, being further described as follows:

<p style="color:red">MORE COMMONLY KNOWN AS 21308 SHELLY LANE, ANDERSON, CA 96007.</p>

("Property") in the current amount of $762.34 per month to Movant at PO BOX 65450, SALT LAKE CITY, UTAH 84165, as same may periodically be adjusted, commencing on the first (1st) day of MARCH 1, 2006, and continuing regularly on the same day of each and every consecutive calendar month thereafter until the indebtedness evidenced by said Note is fully paid (it being expressly understood and agreed that the payment is due on the 1st day of the month notwithstanding any grace period prior to imposition of a late charge), and after giving written notice of default by first class mail postage prepaid and by certified mail return receipt requested to the Debtor(s) at 4110 STONEHAVEN DRIVE, GARLAND, TEXAS 75043, and to said Debtor's counsel of record, AREYA HOLDER PRONSKE 800 W. AIRPORT FRWY., STE 540, IRVING, TEXAS 75062, Debtor(s) shall have ten (10) days within which to cure the default. All funds in connection with the defaulted amounts, must be submitted in *certified funds or money orders* and Movant may charge Debtor(s) $25.00 for any notice given pursuant to this Order**.** Upon the Debtor(s)'s failure to cure such default within ten (10) days after the sending of written notice of default (it being expressly understood and agreed that Debtor(s) is entitled to two (2) written notices of default under this Order assuming timely cure), the automatic stay of 11 U.S.C. § 362 shall terminate without further notice or court action to enable Movant, its successors and assigns, to exercise its rights under the loan documents and applicable law to foreclose its liens upon the Property and the improvements located thereon. It is further

ORDERED that the automatic stay of 11 U.S.C. § 362 be, and same is hereby continued in effect, pending the entry of the Discharge Order in, or the dismissal of, Debtor's main bankruptcy case, subject to the exceptions set out in this Order provided that Debtor shall cure the post-petition arrearage and pay attorney fees and costs in the total amount of $2283.96 as set forth below:

| | |
|---|---|
| 3 payments @ $762.34 each (months due 12/1/05 thru 2/1/06) | $2287.02 |
| 3 late charges @ $35.60 | $106.80 |
| Attorney fees | $400.00 |
| Attorney charges | $200.00 |
| Suspense | $709.86 |

Movant applied the amount of $704.14 to the December, 2005 payment. The balance of $1579.82 shall be paid out over a period not to exceed six (6) months at the rate $263.30 per month, commencing on MARCH 15, 2006, (it being expressly understood and agreed that the payment is due on the 15th day of the month notwithstanding any grace period) and continuing on the 15th day of each month thereafter, until the post-petition arrearage, attorney fees, and costs are fully paid directly to Movant at PO BOX 65450, SALT LAKE CITY, UTAH 84165, failing which, and after giving written notice of default by first class mail postage prepaid and by certified mail return receipt requested to the Debtor(s) at 4110 STONEHAVEN DRIVE, GARLAND, TEXAS 75043, and to said Debtor's counsel of record, AREYA HOLDER PRONSKE 800 W. AIRPORT FRWY., STE 540, IRVING, TEXAS 75062, Debtor(s) shall have ten (10) days within which to cure the default. All funds in connection with the defaulted amounts, must be submitted in *certified funds or money orders* and Movant may charge Debtor(s) $25.00 for any notice given pursuant to this Order. Upon the Debtor(s)'s failure to cure such default within ten (10) days after the sending of written notice of default (it being expressly understood and agreed that Debtor(s) is entitled to two (2) written notices of default under this Order assuming timely cure), the automatic stay of 11 U.S.C. § 362 shall

terminate without further notice or court action to enable Movant, its successors and assigns, to exercise its rights under the loan documents and applicable law to foreclose its liens upon the Property and the improvements located thereon. It is further

AGREED by Movant and by Debtor that at the time of the filing of the bankruptcy petition, the Note was due for the SEPTEMBER 1, 2004 thru OCTOBER 1, 2005 installments. The pay-off on the Note was $94,794.18. The total pre-petition default was $12,861.57. It is further

ORDERED that Debtor maintains hazard insurance coverage on the improvements to the Property, and flood insurance if the Property lies within a flood zone, in the amount of the full insurable value thereof, prepaid in advance for a minimum six (6) months and thereafter paid in advance on a semi-annual basis so long as the Debtor owns the Property, showing Movant as the lienholder and loss payee, and provided further that said Debtor furnishes proof of such insurance coverage to Movant, its successors and assigns, within ten (10) days after a request therefore, failing which, and after giving written notice of default by first class mail postage prepaid and by certified mail return receipt requested to the Debtor(s) 4110 STONEHAVEN DRIVE, GARLAND, TEXAS 75043, and to said Debtor's counsel of record, AREYA HOLDER PRONSKE 800 W. AIRPORT FRWY., STE 540, IRVING, TEXAS 75062, Debtor(s) shall have ten (10) days within which to cure the default. Movant may charge Debtor(s) $25.00 for any notice given pursuant to this Order. Upon the Debtor(s)'s failure to cure such default within ten (10) days after the sending of written notice of default (it being expressly understood and agreed that Debtor(s) is entitled to two (2) written notices of default under this Order assuming timely cure), the automatic stay of 11 U.S.C. § 362 shall terminate without further notice or court action to enable Movant, its successors and assigns, to exercise its rights under the loan documents and applicable law to foreclose its liens upon the Property and the improvements located thereon. It is further

ORDERED that Debtor shall remit to the Trustee the monthly payment provided for under the Debtor's Plan, failing which, and after giving written notice of default by first class mail postage prepaid and by certified mail return receipt requested to the Debtor(s) at 4110 STONEHAVEN DRIVE, GARLAND, TEXAS 75043, and to said Debtor's counsel of record, AREYA HOLDER PRONSKE 800 W. AIRPORT FRWY., STE 540, IRVING, TEXAS 75062, Debtor(s) shall have ten (10) days within which to cure the default. All funds in connection with the defaulted amounts, must be submitted in *certified funds or money orders* and Movant may charge Debtor(s) $25.00 for any notice given pursuant to this Order. Upon the Debtor(s)'s failure to cure such default within ten (10) days after the sending of written notice of default (it being expressly understood and agreed that Debtor(s) is entitled to two (2) written notices of default under this Order assuming timely cure), the automatic stay of 11 U.S.C. § 362 shall terminate without further notice or court action to enable Movant, its successors and assigns, to exercise its rights under the loan documents and applicable law to foreclose its liens upon the Property and the improvements located thereon. It is further

ORDERED that provided that the collateral is exempt property, the payment term of this Chapter 13 Order shall not survive upon conversion to a Chapter 7 and Movant shall not be bound by the payment schedule in the event of conversion. In the event Debtor converts current Chapter 13 case to a Chapter 7 proceeding, the automatic stay of 11 U.S.C. § 362 shall terminate without further notice or court action to enable Movant, its successors and assigns, to exercise its rights under the loan documents and applicable law to foreclose its liens upon the Property and the improvements located thereon. It is further

ORDERED that Debtor's tendering of a check to Movant which is subsequently returned due to non-sufficient funds in the account upon which the check is drawn shall not constitute a payment as required by the terms of this Agreed Order. It is further

ORDERED that the provisions of Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure are hereby waived and Movant, its successors and assigns, may immediately enforce and implement the terms of this order granting relief from the automatic stay. It is further

ORDERED that Creditor/Movant herein shall immediately notify the Office of the Standing Chapter 13 Trustee in the event that it forecloses its interest upon the above-described collateral pursuant to the terms of this Order.

# # #END OF DOCUMENT# # #

APPROVED AS TO FORM & SUBSTANCE:

*The undersigned counsel of record certifies compliance with Rule 4001.*

By:     */s/Jennine Hovell-Cox*
       Carolyn A. Taylor     TBA #08526800/FIN 1290
       Dominique Varner    TBA #00791182/FIN 18805
       Jennine Hovell-Cox   TBA #24002313/FIN 21775
       Brendetta A. Scott    TBA #24012219/FIN 24592
       333 Clay, 29th Floor
       Houston, Texas 77002
       Telephone (713) 759-0818
       Telecopier (713) 759-6834

       ATTORNEY FOR Select Portfolio Servicing, Inc.
       Fka Fairbanks Capital Corporation as servicer-in-fact for U.S. Bank National Association as Trustee of CSFB ABS Trust Series HEAT 2002-1

By:     */s/ Areya Holder Pronske(by permission)*
       Areya Holder Pronske     TBA # 24002303
       Law Office of Areya Holder Pronske, P.C.
       800 W. Airport Frwy., Ste 540
       Irving, Texas 75262
       Telephone   (972) 438-8800
       Telecopier   (972) 438-8825

ATTORNEY FOR DEBTOR(S)

895302-1:FSPS:0940
Loan No. #0002743045-Sappington
Case No. #05-86652-rcm-13
Page 8 of 8